1
2
3
4
5
6
7

**FILED**
CLERK, U.S. DISTRICT COURT

5/19/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: CD DEPUTY

8

UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

January 2023 Grand Jury

11

UNITED STATES OF AMERICA,

CR 2:23-cr-00244-FLA

12

Plaintiff,

I N D I C T M E N T

13

v.

[21 U.S.C. §§ 841(a)(1),
(b)(1)(C): Possession with Intent
to Distribute Methamphetamine and
Cocaine; 18 U.S.C. § 506(a)(3):
Possession of Fraudulent Seals of
Departments or Agencies of the
United States; 18 U.S.C.
§ 1344(2): Bank Fraud; 18 U.S.C.
§ 1029(a)(2): Use of an
Unauthorized Access Device;
18 U.S.C. § 1708: Possession of
Stolen Mail; 18 U.S.C.
§ 1028A(a)(1): Aggravated Identity
Theft; 21 U.S.C. § 853, 18 U.S.C.
§§ 982 and 1028, and 28 U.S.C.
§ 2461(c): Criminal Forfeiture]

14

CARLO GONZALES,

15

Defendant.

16
17
18
19
20
21
22
23

The Grand Jury charges:

24

COUNT ONE

25

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

26

On or about May 1, 2022, in Los Angeles County, within the

27

Central District of California, defendant CARLO GONZALES knowingly

28

and intentionally possessed with intent to distribute
methamphetamine, a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 1, 2022, in Los Angeles County, within the Central District of California, defendant CARLO GONZALES knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 506(a)(3)]

On or about May 1, 2022, in Los Angeles County, within the Central District of California, defendant CARLO GONZALES, with fraudulent intent, possessed a falsely made, forged, and counterfeited seal of a department and agency of the United States and facsimile thereof, namely, a badge purportedly issued by the U.S. Department of Homeland Security ("DHS"), bearing the DHS seal, knowing that the DHS seal was falsely made, forged, and counterfeit.

1                        COUNT FOUR

2                    [18 U.S.C. § 1344(2)]

3  A.   INTRODUCTORY ALLEGATIONS

4       1.   At times relevant to this Indictment, Wells Fargo Bank,

5  N.A. ("Wells Fargo") was a financial institution insured by the

6  Federal Deposit Insurance Corporation.

7  B.   THE SCHEME TO DEFRAUD

8       2.   Beginning on a date unknown, and continuing through at

9  least on or about May 11, 2022, in Los Angeles County, within the

10 Central District of California, and elsewhere, defendant CARLO

11 GONZALES, knowingly and with the intent to defraud, executed a scheme

12 to obtain moneys, funds, credits, assets, and other property owned

13 by, and under the custody and control of Wells Fargo by means of

14 materially false and fraudulent pretenses, representations, and

15 promises, and the concealment of material facts.

16      3.   The fraudulent scheme operated, in substance, in the

17 following manner:

18           a.   Defendant GONZALES would steal mail from residential

19 mailboxes in Los Angeles County that contained things of value,

20 including third-party checks that were drawn on bank accounts that

21 did not belong to him (the "Stolen Checks").

22           b.   Defendant GONZALES or a co-conspirator would alter the

23 Stolen Checks by forging the payee's signature.

24           c.   Defendant GONZALES or a co-conspirator would further

25 alter the Stolen Checks by falsely and fraudulently representing that

26 "C. Gonzales" was authorized to deposit the Stolen Checks when, in

27 fact, he was not authorized to do so.

28

d.   Defendant GONZALES would deposit the Stolen Checks into a Wells Fargo account in his name ending in 5856 (the "5856 Account"), without having permission or authorization to deposit the checks.  In doing so, defendant GONZALES falsely represented to Wells Fargo that he was the authorized payee of the Stolen Checks, and concealed from Wells Fargo that the deposited Stolen Checks were stolen.

C.   EXECUTION OF THE FRAUDULENT SCHEME

4.   On or about May 11, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant GONZALES committed an act which constituted an execution of the fraudulent scheme, namely, defendant GONZALES deposited, at a Wells Fargo ATM in Alhambra, California, a Stolen Check in the name of N.G.R. in the amount of $2,714 into the 5856 Account.

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

On or about May 11, 2022, in Los Angeles County, within the Central District of California, defendant CARLO GONZALES knowingly possessed and used, without lawful authority, a means of identification that defendant GONZALES knew belonged to another person, namely, the name of N.G.R., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Four of this Indictment.

COUNT SIX

[18 U.S.C. § 1708]

On or about June 29, 2022, in Los Angeles County, within the Central District of California, defendant CARLO GONZALES unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 40 pieces of mail and mail matter addressed to various individuals within Los Angeles County and elsewhere, and at that time and place, defendant GONZALES knew that said mail and mail matter were stolen.

COUNT SEVEN

[18 U.S.C. § 1029(a)(2)]

Beginning on or about June 29, 2022, and continuing through on or about July 4, 2022, in Los Angeles County, within the Central District of California, defendant CARLO GONZALES, knowingly and with intent to defraud, used an unauthorized access device (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, a credit card belonging to victim N.Z., and by such conduct obtained things of value, their value together totaling at least $1,000, during a one-year period, with said use having an effect on interstate and foreign commerce.

COUNT EIGHT

[18 U.S.C. § 1028A(a)(1)]

Beginning on or about June 29, 2022, and continuing through on or about July 4, 2022, in Los Angeles County, within the Central District of California, defendant CARLO GONZALES knowingly possessed and used, without lawful authority, a means of identification that defendant GONZALES knew belonged to another person, namely, the name of victim N.Z., during and in relation to the offense of Use of Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(2), as charged in Count Seven of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853 and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in Counts One and Two of this Indictment.

2.   Defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof

11

(a) cannot be located upon the exercise of due diligence; (b) has
been transferred, sold to, or deposited with a third party; (c) has
been placed beyond the jurisdiction of the court; (d) has been
substantially diminished in value; or (e) has been commingled with
other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1028 and 28 U.S.C. §2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1028 and Title 28, United States Code, Section 2461(c) in the event of defendant's conviction of the offenses set forth in Counts Four, Five, Seven and Eight of this Indictment.

2.   Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1028(g), defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due

diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL


_____
          /S/
Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MORGAN J. COHEN
Assistant United States Attorney
Major Frauds Section